HARRIS, Judge.
Appellant was convicted of the offense of possession of marijuana after having been previously convicted of possession of marijuana in the State of Alabama. Appellant was represented by retained counsel and at arraignment he pleaded not guilty. The Court sentenced appellant to nine years and six months in the penitentiary. After sentence was imposed, appellant gave notice of appeal and his sentence was suspended pending appeal. His bond was fixed at $10,000.00 and he is at large awaiting the outcome of this appeal.
On the night of March 25, 1976, Norman Leslie Burch and Elijah Lee McCrae were inmates of the Houston County Jail and both were trusties. One Steve Gibson was a prisoner in the same jail at the same time. Burch testified that he and McCrae were allowed to leave the jail that night to carry their clothes to a laundromat to have them washed. That before leaving the jail Steve Gibson wrote down a telephone number on a piece of paper and asked him to call that number and a man by the name of “Joe” would answer and that “Joe” would deliver a package of marijuana to him to give to Gibson. He stated that he and McCrae left *529 the jail between 6 and 7 o’clock p.m. and walked to the laundromat which was located near a place called Murphy’s Market. There was a telephone booth outside Murphy’s Market and Burch called the number which Gibson had given him. When the telephone answered, Burch asked for “Joe” and the voice said, “This is Joe,” and Burch told him that he was calling about a package for Steve Gibson and told him where he would be and how long he would be there. He further testified that Joe did not describe to him over the telephone who would be sent to meet him. After the telephone conversation Burch bought a six-pack of beer at the market and went to the laundromat and started washing his clothes. He stated that McCrae used the telephone to call his wife and he came to the laundromat to wash his clothes. Burch was drinking a can of beer and offered one to McCrae who took it and the beer was consumed by them before they returned to the jail.
Burch further testified that 20 to 30 minutes later appellant drove up in a red Pinto car and he and McCrae walked out to meet him and they started a conversation. In about five minutes appellant handed Burch an old Winston cigarette package with a five-dollar bill wrapped around it and it had hand-rolled cigarettes inside. He stated that appellant told them to try smoking the cigarettes as they were pretty good stuff. Burch said he put the package inside one of his socks. He further stated that appellant told them how many times he had been busted and that “Joe” had also been busted. Burch stated that McCrae never had possession of the package but witnessed the transaction. It was getting late and they got their clothes and left for the jail. He further testified that when they got back to the jail, they were not searched but were locked up for the night.
Burch further testified that four people usually occupied the cell he was put in but there was only one man in the cell and he was asleep. There was a bed between Burch’s bed and the bed where the man was asleep. He stated that he put the package between the mattress and a blanket, and that he had not disturbed any of the hand-rolled cigarettes and no one knew about them except McCrae and himself. He said he watched television for a while and then went to bed for the night.
As a trusty it was one of his duties to serve the meals to the other jail inmates, and the next morning he carried Gibson’s breakfast tray to him and he also carried the cigarette package with the five-dollar bill still wrapped around it. He removed the. bill and put it in his pocket and gave the cigarettes to Gibson. Burch further testified that he saw this same cigarette package about an hour later when Deputy Sheriff Bob Lee had him in his office for interrogation. He first denied knowing anything about how the cigarette package got in the jail, but then told the officer everything that transpired the night before. He further stated that the cigarette package was in the same condition except that he had taken the five-dollar bill from around it that morning. That it was in the same condition when he saw it in Deputy Bob Lee’s possession except some cigarettes seemed to be missing, but some were still in the pack. He stated that he had been charged with possession of marijuana for his personal use growing out of this transaction. That no promises were made to him to get him to testify, but the officer told him he would try to help him if he testified.
On cross-examination this witness explained the duties of a trusty and that he and McCrae were trusties. He stated that he had been paroled out of the Houston County Jail but that the marijuana case against him was set for trial the day after appellant’s trial. He further testified that he was not with McCrae at the time he talked to Steve Gibson and that the phone number that Gibson gave him was on the piece of paper but that Deputy Sheriff Lee had the paper. He stated that he used his own money to make the telephone call as requested by Gibson and that McCrae was standing just a few feet away from him at the time he made the phone call. He said that the defendant was not known by the name of Joe, though Gibson’s father was *530 named Joe. He further testified that after appellant delivered to him the Winston cigarette package, that he and McCrae hitched a ride back to jail with a girl whom he did not personally know but she had her little brother in the car with her and she let them off at the jail.
He further testified on cross-examination that he had previously been convicted of burglary in the second degree and also of driving while intoxicated.
The next witness called in behalf of the State was Elijah Lee McCrae. He testified that he went with Norman Burch to the laundromat, that Norman had asked him to go with him, that Norman made a phone call from Murphy’s Grocery Store, that he did not know who was called, that he made a phone call to his wife, and he went into the store, but McCrae could not testify as to where Burch got the bag that he was carrying. He testified that the appellant, Gary Small, came up about 30 to 45 minutes after they started washing the clothes; that he gave Norman a cigarette pack with a five-dollar bill on it, and that the appellant was driving a red Pinto. He testified that a Winston pack was handed from the defendant to Norman Burch, with a five-dollar bill wrapped around it with a piece of rubber.
He testified that they walked back to the jail after all that had happened. He testified that the next time he saw the cigarette package there were cigarettes missing from the package. He testified that he was convicted in November of 1975 of two counts of selling heroin and one count of selling marijuana, that he had a total of 15 years imprisonment, that he was not promised anything whatsoever for testifying in this case.
On cross-examination the witness testified that he had not been promised anything, but that he was still a trusty, and that he had not been charged with possession of the marijuana and had not been charged with anything. He testified that he still makes trips like the trusties did, except that he does not go to the laundromat. He testified that he drank one beer before the appellant came up. He testified that they walked back to the jail, that they did not hitchhike a ride. He stated that he was standing a foot away from Norman Burch and the appellant when the alleged transaction took place. He further testified that Norman put the cigarette package in his pocket. He testified that he did not remember the appellant making any strange or awkward movements with the package.
The next witness called on behalf of the State was Frankie Paschall, who testified that he was employed with the Houston County Jail, and that he participated in a search of Steve Gibson. He testified that as a result of the search he found a Winston cigarette pack, with eight hand-rolled cigarettes in the package.
The next witness called on behalf of the State was Robert W. Lee, Jr., who testified that he was employed with the Houston County Sheriff’s Department as Chief Jailer, that he searched Steve Gibson on the 26th day of March 1976. He testified that he found an old Winston pack in the search of Steve Gibson, that he showed it to Lieutenant Pitts, the Investigator.
Deputy Lee further testified that he talked with Lee McCrae shortly after talking with Norman Burch, that Norman Burch and Lee McCrae had no opportunity to be together. He further testified that after he showed the package to Lieutenant Pitts, he locked it up in his briefcase and later had someone going to the crime lab so he put it in an envelope, sealed it, put his initials on it before he taped it, and put the date on it. He said it was the kind of envelope that was the personal brown envelope used to put the prisoners’ belongings in. He testified that he handed it to Deputy Buzz who was going to the Enterprise Lab to take some stuff over there. He testified that he had it in his custody all of the time from the time it was found on Steve Gibson until it was turned over to Deputy Buzz.
Deputy Lee further testified that in this same envelope he placed a small white envelope which was sealed and was in connection with an unrelated case.
*531 He testified that he gave it to Robert Buzz to take to the Crime Lab, that he did not accompany him to Enterprise, and that he did not know if anybody accompanied Deputy Buzz to Enterprise.
Mrs. Melinda Long testified that she was employed by the State of Alabama at the State Toxicology Laboratory in Enterprise, Alabama, and that her duties were to analyze drugs for the presence of prohibited substances.
Mrs. Long testified that she received a package from Deputy Sheriff Robert Buzz on March 30, 1976, and that the package was sealed, that it was a manila envelope and the date was written on it, together with the initials of Deputy Sheriff Lee. She further testified that the seal on the brown manila envelope had not been broken when it was delivered to her by Deputy Sheriff Buzz, that she opened the manila envelope without breaking the seal, that in opening the envelope she just slit the other end opposite from the seal with the date and initials of Deputy Lee on it.
Mrs. Long further testified that when she opened the brown manila envelope she found eight hand-rolled cigarettes that were in a Winston brand cigarette package. That she conducted a laboratory analysis on the cigarettes and they contained marijuana. She further testified that there was a sealed white envelope in this brown manila package at the time she received it from Deputy Sheriff Buzz, but it had to do with an unrelated case.
Defense counsel admitted Mrs. Long’s qualifications and did not cross-examine her at all.
Mrs. Julia L. Trant testified that she was Clerk of the Circuit Court of Houston County and also Clerk of the Houston County Court of Houston County. She produced a certified copy of a judgment entry showing the conviction of appellant for possession of marijuana. This certified copy of the judgment entry was introduced in evidence without objection.
At the conclusion of the State’s case, the defendant moved to exclude the State’s evidence on the ground that a prima facie case had not been shown. This motion was overruled by the Court. Appellant further moved to exclude the testimony of Mrs. Long on the ground that there was a break in the chain of evidence and this motion was likewise overruled by the Court.
David Gibson was called to testify for the defendant, and he testified that his name was David Gibson, that he was known as Joe Gibson, that he was a Civil Service employee. He testified that the defendant was his half-brother, that he was the father of Steve Gibson, that he remembered a telephone call from Norman Burch on or about March 25, 1976, and he related the conversation that he and Norman Burch had concerning Steve Gibson. He testified that Steve wanted him to send five dollars to the jail by way of him, and the witness said that he would do that, that the defendant came in and he told the defendant about running the money to Norman. He said that the defendant said that he was going to get something to eat anyway, and that he would deliver the money. He stated that he gave Gary five dollars but that he did not accompany him to the laundromat, that he did not give him an old Winston cigarette pack, that he did not furnish his son with any marijuana, and the only thing that he knew about it was what Steve had told him. He testified that he talked with his son about the incident the next Sunday, and he told the witness that the boy had offered to give him some marijuana for five dollars. David Gibson testified that Steve Gibson told him that Norman Burch was to sell him some marijuana for five dollars, that was what he needed the five dollars for.
On cross-examination Joe Gibson testified that he did not know if Steve used marijuana or not, that he had never been convicted of possession of marijuana, that he visited his son every visiting day in jail. Joe Gibson further testified that the defendant did go down to the laundromat that night to meet Norman Burch, that he had given the defendant five dollars to give to Norman Burch for Steve Gibson. Joe Gibson testi *532 fied that he did not know for a fact that his half-brother uses marijuana, but he did know that he had been convicted of possession of marijuana.’
The appellant was called to testify in his own behalf. He testified that he lived in Lakewood Subdivision in Houston County, that he was a painter, and he related how he went to the laundromat with the five dollars to take to the trusty to give to Steve Gibson. He testified that he talked with them for a few minutes and he handed the five dollars to him, and in the meantime Lee McCrae had come up too. The defendant further testified that he did not give any Winston cigarette package to Norman Burch, that he did not give any hand-rolled cigarettes to Norman Burch, that the only thing that he gave to him was five dollars.
On cross-examination the appellant testified that he did not personally know Norman Burch or Lee McCrae. He stated he never had dealt in marijuana; the defendant then rested. There was no rebuttal by the State.
The only issue presented on this appeal is whether the chain of possession of the eight hand-rolled cigarettes was broken from the time the officers took them from Steve Gibson until they were delivered to Melinda Long at the laboratory in Enterprise. We hold there was no missing link in the chain of possession.
The testimony is undisputed that Deputy Sheriff Robert Lee took possession of the Winston cigarette package containing the eight cigarettes on the morning of March 26, 1975, and placed it in his locked briefcase until March 30,1975, when he placed it in a manila envelope and sealed it with tape. He put the date on the envelope and wrote “Houston County Sheriff’s Department” and “Enterprise Crime Lab” and his initials on the envelope and put tape over the top of the package. He also put inside the manila envelope a small white envelope that was already properly sealed which contained a substance relating to another case. He handed the manila envelope to Deputy Sheriff Robert Buzz who carried it to the crime laboratory in Enterprise and personally delivered it to Melinda Long. Mrs. Long testified that she received the manila envelope from Deputy Buzz and she opened the end opposite the tape and sealed end. She did not break the seal. On the inside of the manila envelope she found the eight hand-rolled cigarettes and the small white sealed envelope which contained evidence pertaining to an unrelated case. She then conducted a laboratory test on the hand-rolled cigarettes and found they contained marijuana.
We hold there was no missing link in the chain of possession under the evidence in this case. Powell v. State, 47 Ala.App. 582, 258 So.2d 923; Green v. State, 42 Ala.App. 439, 167 So.2d 694; Oury v. State, 53 Ala.App. 240, 298 So.2d 661.
The testimony in this case was extremely conflicting, but this Court is without warrant to disturb the verdict of the jury where the evidence is conflicting. Hines v. State, 260 Ala. 668, 72 So.2d 296; Felton v. State, 47 Ala.App. 182, 252 So.2d 108; Haggler v. State, 49 Ala.App. 259, 270 So.2d 690.
The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.